**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORI BELL,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>VF JEANSWEAR LP,<br><br>　　　　Defendant-Appellee. | No. 19-15332<br><br>D.C. No. 2:14-cv-01916-JJT<br><br>MEMORANDUM* |
| LORI BELL,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>VF JEANSWEAR LP,<br><br>　　　　Defendant-Appellant. | No.　19-15333<br><br>D.C. No. 2:14-cv-01916-JJT |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted July 6, 2020
Seattle, Washington

---

　　* 　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  CLIFTON and M. SMITH, Circuit Judges, and DONATO,** District Judge.

Plaintiff Lori Bell appeals and defendant VF Jeanswear ("VFJ") cross-appeals the district court's awards of damages, punitive damages, and attorneys' fees in an employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

First, the district court did not err in awarding Bell backpay despite its holding that she was not constructively discharged. Bell suffered a discriminatory demotion, rather than a refusal to promote, and thus her situation is not controlled by the exception created in *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1495 (9th Cir. 1995), and *Thorne v. City of El Segundo,* 802 F.2d 1131, 1134 (9th Cir. 1986). Instead, our case law demonstrates that Bell's eligibility for backpay is determined by her efforts to mitigate her damages, not her voluntary resignation. *See Sangster v. United Air Lines, Inc., 633 F.2d 864, 868 (9th Cir. 1980)*; *Thorne,* 802 F.2d at 1136 n.4 (emphasizing that the decision to award backpay is a fact specific inquiry).

---

**      The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

2

Second, the district court did not abuse its discretion in awarding Bell backpay for the period beginning with her resignation on February 28, 2014 and ending on August 31, 2015. A backpay award may terminate if the court finds that a plaintiff voluntarily removed herself from the job market. *Thorne*, 802 F.2d at 1136-37. This requires an employer to demonstrate that "substantially equivalent jobs" were available and that the employee failed to use reasonable diligence in seeking employment. *Odima*, 53 F.3d at 1497. The district court did not abuse its discretion in holding that VFJ successfully demonstrated both requirements as of August 2015. The court's consideration of expert testimony by Nathaniel Curtis was not an abuse of discretion, particularly in the context of a bench trial. That testimony provided the court with adequate evidence for it to find that substantially equivalent positions existed as of August 2015. Bell's failure to apply for any positions until after her deposition, over a year after her resignation, and her limited efforts thereafter provided sufficient evidence to support the finding that Bell was not reasonably diligent in seeking employment. The district court did not abuse its discretion in utilizing Bell's past earnings to calculate her backpay award, rather than the lesser amount earned by her replacement, as it is unknown whether Bell would have performed the same as her replacement had she been permitted to remain in the position.

Third, the district court did not err in awarding Bell punitive damages pursuant to the jury award and the requirements of 42 U.S.C. § 1981a(b)(3)(D). The district court correctly held that the evidence "reasonably permits the conclusion that [VFJ] acted in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law—the standard for the jury to find reckless indifference." Thus, it did not err in denying VFJ's motion for judgment as a matter of law or for a new trial on punitive damages. The district court also did not commit prejudicial error in its decision to admit testimony regarding two VFJ employees but exclude evidence related to VFJ's anti-harassment policy and Bell's previous harassment complaint. *See Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013) ("We review evidentiary rulings for abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial."); *see also U.S. v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988) (explaining the "opening the door" doctrine); Fed. R. Evid. 403 (stating that certain relevant evidence may be excluded if its probative value is substantially outweighed by the danger of confusing the jury). The award was not excessive and comports with due process. *See Arizona v. ASARCO LLC,* 773 F.3d 1050, 1056-57 (9th Cir. 2014).

Fourth, the district court did in part abuse its discretion in calculating the award of attorneys' fees. When awarding attorneys' fees, a district court first

4

applies the "lodestar formula" to determine a baseline for reasonable fees and, second, evaluates the lodestar product for reasonableness in light of the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). At step one, the district court did not abuse its discretion in reducing the lodestar formula by 40 percent based on its finding that Bell's counsel substantially protracted the litigation. *See United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1108 (9th Cir. 2015) (The "district court [may] . . . make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure."). The district court did not err in focusing its analysis on the actions of Bell's counsel, rather than those of VFJ's, as VFJ was not seeking a fee award.

However, in our view the district court did abuse its discretion in further reducing Bell's award by 45 percent at step two due to "limited success." The court correctly concluded that Bell's claims were related as they all came from the same common core of facts, namely her work relationship with VFJ, *see Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005), but failed to accord this fact its full weight. Bell successfully demonstrated that she was discriminated against on the basis of sex in a manner that justified punitive damages, and she was awarded the full extent of compensatory and punitive damages available under the statute. Though she succeeded in obtaining an award of equitable damages that was not nearly as large

5

as the amount she sought, what she won was still substantial. The overall results accomplished in her favor required substantial legal effort. We vacate the district court's award of attorneys' fees and remand with instructions to re-calculate the award, with any reduction for limited success not to exceed 25 percent.

Each party to bear its own costs.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**